**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                          CRIMINAL ACTION NO. 5:98cr13-DCB

BOBBY WILSON, JR.                                      DEFENDANT

## OPINION AND ORDER

This cause comes before the Court on the pro se defendant's Motion to Show Cause [**docket entry no. 31**] for revocation of his probation/supervised release and a Motion [**docket entry no. 34**] challenging his conviction and the enforcement of his plea agreement.[1]  Having considered the motions, affidavit, memoranda, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### I. BACKGROUND

On February 22, 1999, the defendant pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  On June 15, 1999, this Court sentenced the defendant to seventy months of imprisonment and three years of supervised release for each count, to run concurrently.

---

[1] The defendant titles the latter Motion as a Petition Under 28 U.S.C. 2255 for Writ of Habeas Corpus by a Person in State Custody and as a Petition for Habeas Corpus or in the Alternative to Show Cause to Vacate Guilty Plea.  The defendant's imprecision is understandable, and for clarity's sake the Court will refer to this Motion by the relief he seeks.  Of course, the Court will liberally construe the pro se defendant's arguments and analyze the relief he seeks under the appropriate labels.

On March 15, 2004, the Court granted the government's Request for Modifying the Conditions or Term of Supervision with Consent of the Offender[2] [docket entry no. 26], which permitted the defendant to reside at Bannum Place in Jackson, Mississippi, for a period of six months following his release from the custody of the Bureau of Prisons.  The defendant was released from prison — and the three-year supervised release period began — on March 24, 2004, with instructions to report to the United States Probation Office in Jackson, Mississippi, within seventy-two hours of his release.  The defendant failed to report to the Probation Office as instructed.

On March 30, 2004, the defendant was arrested by the Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi.  On April 12, 2004, this Court granted the United States's Petition for Warrant or Summons for Offender Under Supervision [docket entry no. 27], which sought the arrest of the defendant for alleged violations of the terms of his supervised release.  The Court issued the requested arrest warrant on April 13, 2004.

The defendant was indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery.  Following a jury trial and conviction for that crime on

_____

[2]  On March 9, 2004, the defendant executed a written waiver of his statutory right to a hearing and the assistance of counsel on the proposed modification of the conditions of his probation and supervised release.

November 20, 2004, the defendant was sentenced to life imprisonment without parole by the Circuit Court of Warren County, Mississippi, on December 15, 2004.[3]   The defendant is currently serving said sentence in the Mississippi State Penitentiary located at Parchman, Mississippi.

On March 3, 2005, the Court ordered [docket entry no. 28] the withdrawal of the April 12, 2004, Petition for Warrant or Summons for Offender Under Supervision and the recall of the April 13, 2004, arrest warrant.   No other warrant was issued by this Court during the defendant's supervised release period, and his supervised release was never revoked.   Consequently, on March 24, 2007, the defendant's federal sentence completely terminated upon the expiry of his three-year period of supervised release.

On June 18, 2007, the defendant filed a Motion to Show Cause [docket entry no. 31] for revocation of his probation/supervised release, and on July 26, 2007, the defendant filed a Motion [docket entry no. 34] challenging his conviction and the enforcement of his

---

[3]   The defendant received this sentence pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81, which requires an offender to receive the maximum sentence without parole or probation for the felony for which he is convicted if he has been twice previously convicted of a state or federal felony and sentenced to one year or more for each crime. The defendant's 1999 conviction in this Court for two counts of bank robbery in contravention of 18 U.S.C. § 2113(a) served as one of the base felonies for his sentence of life without parole for the March 2004 bank robbery under the Mississippi habitual offender statute; a 1994 grand larceny conviction in the Circuit Court of Warren County, Mississippi, was the other.

plea agreement.  These motions are now before the Court.[4]

## II. ARGUMENTS

In his Motion to Show Cause, the defendant states that he committed a state crime during the period of his supervised release, failed to notify his probation officer within seventy-two hours of his arrest, and left the judicial district without permission of the Court or his probation officer.  In the affidavit in support of his Motion, the defendant declares that he was released from federal prison on March 24, 2004; was arrested, indicted, and convicted of the March 2004 Vicksburg, Mississippi, bank robbery; and was sentenced to life without parole in the Mississippi prison system on December 15, 2004.  The defendant does not request any relief in this Motion.  The United States did not file a response to the defendant's Motion to Show Cause.

In his second Motion, the defendant asserts that "[t]he federal court has breached its plea bargain agreement by failing to revoke petitioner's supervised release when petitioner violated the conditions of supervision.  Thus petitioner [sic] plea of guilty was not entered knowingly."  (Mot. 3.)  The defendant points out that he was held in the Warren County Jail from April 12, 2004,

---

[4] On August 30, 2007, the defendant filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 [civil action no. 5:07-cv-165], wherein he challenges the validity of the judgment of conviction and sentence for the March 2004 bank robbery entered by the Circuit Court of Warren County, Mississippi.

until July 19, 2004, without the United States seeking to enforce the plea agreement through the revocation of his supervised release.  (Memo. vii.)  According to the defendant, this failure to enforce his plea agreement by revoking his supervised release before the expiry of the three-year period violated his due process rights under the Fourteenth Amendment.  (Memo. 1.)  The defendant also contends that the breach of the plea agreement renders his guilty plea invalid.  (Memo. 4.)  He asserts that he was prejudiced by the conviction because it was used to enhance his sentence to life without parole under the Mississippi habitual offender statute.  (Memo. 4.)  As for relief, the defendant seeks to withdraw his guilty plea, have his sentence vacated, and the case remanded for a new trial.  (Memo. 4-5.)

In its response to the second Motion, the United States asserts that the defendant's claims are time-barred because the Motion was not filed within one year of the date of conviction. (Resp. ¶ 11.)  The government also contends that the defendant's claims lack substantive merit.  (Resp. ¶ 12.)

### III. ANALYSIS[5]

The Court surmises that the defendant is attempting to attack the 1999 felony bank robbery conviction and thereby erase one of

---

[5] Because no relief is sought in the defendant's Motion to Show Cause and the second Motion is largely duplicative of the same, unless otherwise stated the Court will analyze the two motions in tandem and make no distinctions between them.

the bases under the Mississippi habitual offender statute (Miss. Code Ann. § 99-19-81) for his life sentence without parole which he received as a consequence of his state-court conviction for the March 2004 bank robbery.  Toward this end, the defendant asserts that his plea of guilty on February 22, 1999, was not entered knowingly — a challenge to the validity of his conviction and sentence.  Alternatively, the defendant contends that the United States breached the terms of his plea agreement and denied him due process when it did not seek to have his supervised release revoked after an arrest warrant was issued following his admitted violation of the terms thereof — a challenge to the manner in which his sentence was carried out.

> *A. The Defendant's Argument That His*
> *Federal Plea Was Not Entered Knowingly*

1. § 2255

"A section 2255 motion . . . 'provides the primary means of collateral attack on a federal sentence.'  Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(quoting Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).  Because the defendant's contention that his federal plea was not entered knowingly concerns a purported error which occurred at or prior to his sentencing, the Court will construe his Motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

6

2255.

Section 2255 only applies to "[a] prisoner in custody under sentence of a Court established by Act of Congress . . . ."  28 U.S.C. § 2255 (2006).  Accordingly, in order for the Court to have jurisdiction over such a motion, a defendant must satisfy the "in custody" requirement contained in § 2255 at the time the motion is filed.[6]  Kaminski v. United States, 339 F.3d 84, 91 (2d Cir. 2003); United States v. Irby, 103 F.3d 126 (5th Cir. 1996)(unpublished opinion); United States v. Cote, 19 F.3d 1441 (table) (9th Cir. 1994)(unpublished opinion); Phillips v. United States, 76 F.3d 393 (table) (10th Cir. 1996)(unpublished opinion); cf. Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989).

The Court finds that the defendant was not "in custody" for his federal bank robbery crimes as contemplated by § 2255 when his motions were filed on June 18, 2007 and July 26, 2007.  The defendant's federal sentence expired completely on March 24, 2007, when his three-year supervised release period ended.  While an arrest warrant was issued by this Court on April 13, 2005, for violations of the terms of his supervised release, that warrant was

---

[6] Much like § 2255, § 2241(c) requires that a federal habeas petitioner be "in custody" before the writ may be extended to him.  Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005)("An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for violation of federal law.")

never executed upon the defendant but was recalled by order of this
Court on March 3, 2005.  The defendant's supervised release was
never revoked by this Court.  In addition, because no there is no
longer an active arrest warrant for the defendant's supervised
release violations that was issued by this Court during the three-
year supervised release period, the Court no longer has
jurisdiction to revoke the defendant's supervised release per the
terms of 18 U.S.C. § 3583(i).

While custody can qualify as incarceration, supervised
release, or sundry other restrictions on liberty which arise from
a criminal conviction, Pack, 218 F.3d at 454 n.5, at the time the
defendant's motions were filed he was clearly not "in custody under
sentence of a Court established by Act of Congress" because he was
not incarcerated, on supervised release, subject to a detainer,
sought for arrest under a warrant, or otherwise laboring under a
liberty limitation because of the 1999 sentence for his violations
of 18 U.S.C. § 2113(a).  Moreover, at the time his motions were
filed the defendant was not "in custody" for the 1999 federal
sentence merely because that conviction was used to enhance his
2004 state sentence.  Maleng, 490 U.S. at 492, 109 S. Ct. at 1926;
Pleasant v. Texas, 134 F.3d 1256, 1258 (1998)(per curiam).
Therefore, because the defendant was not "in custody" under a
federal sentence when his motions were filed, this Court lacks
jurisdiction to hear a § 2255 motion challenging whether his plea

was entered knowingly.[7]

2. § 2254

The Court does believe that the defendant is "in custody" as contemplated by § 2254 insofar as his motion "can be read as asserting a challenge to the [2004 state] sentence[], as enhanced by the allegedly invalid prior [1999 federal] conviction." Maleng, 490 U.S. at 493, 109 S. Ct. at 1927; accord Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02, 121 S. Ct. 1567, 1573, 149 L. Ed. 2d 608 (2001). However, the Court is obliged under the authority of Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), to notify the defendant before it construes his motions as a § 2254 petition, warn him that this recharacterization means that any subsequent § 2254 petitions will be subject to statutory restrictions on filing successive § 2254 petitions, give him an opportunity to either withdraw his § 2254

---

[7] The Court is aware that, pursuant to § 2255's savings clause, a prisoner may seek relief from a federal sentence via a writ of habeas corpus under § 2241 when the remedy under a § 2255 motion would be inadequate or ineffective. Pack, 218 F.3d at 452. However, only rarely have courts found a § 2255 remedy inadequate or ineffective. These infrequent instances include when the Constitution so demands, where otherwise Congress would violate the Suspension Clause by imposing a conviction or sentence without permitting § 2241 relief, or where a prisoner makes a valid claim of actual innocence. Id. at 453. The Court need not decide whether this case presents such a situation, given that the defendant, for the same reasons he is not "in custody" under § 2255, is not "in custody" under § 2241 for the federal sentence he is attacking. Thus, the Court has no jurisdiction to hear a § 2241 petition challenging whether the defendant knowingly entered his plea because this jurisdictional prerequisite is missing.

petition from the court's consideration or amend the petition to include all of the § 2254 claims he believes he has, and advise him to name his state custodian as respondent.  Accord Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004); Retic v. United States, 215 Fed. Appx. 962, 964, 965 (11th Cir. 2007)(unpublished opinion).

This Court did so notify the defendant by its Order [docket entry no. 43] of December 3, 2007.  In his December 12, 2007 Response [docket entry no. 47] to the Court's Order, the defendant states that he "does not wish to amend or withdraw" his motions and states that the Court "should not construe the motions under a petition for a writ of habeas corpus pursuant to section 2254 or 2255."[8]  (Resp. 1.)  Because the defendant has unequivocally declared that he does not want the Court to construe his motions as a § 2254 petition for a writ of habeas corpus, the Court will not do so.

*B. The Defendant's Argument That the United States Breached the Plea Agreement by Failing to Revoke His Supervised Release Upon His Violations of the Terms Thereof*

The Court could construe the defendant's motions as a § 2241 petition for a writ of habeas corpus insofar as he contends that the United States failed to revoke his supervised release when he

---

[8] The defendant further admits that construing his motions as a § 2255 motion would be futile because he is no longer in federal custody and because of the one year time bar in § 2255.  (Resp. 1.) The defendant also declares that his motions are improperly construed as a § 2254 petition for a writ of habeas corpus because this action is a federal rather than a state conviction.  (Resp. 2.)

violated the terms thereof.[9]  The Court might also construe the defendant's motions as a § 2255 motion because he challenges the validity of his plea by asserting that the United States violated the plea agreement.  Either way, the outcome is the same.  As noted in the previous section, a defendant must be "in custody" for the sentence he is attacking at the time he files his § 2255 motion or § 2241 petition.  Again, there is no doubt that the defendant's federal sentence fully expired on March 24, 2007.  The two motions before the Court were filed on June 18 and July 26, 2007. Therefore, because the defendant was not "in custody" under the federal sentence at the time these motions were filed, the Court lacks jurisdiction to hear either a § 2255 motion or a § 2241 petition asserting that the defendant's due process rights were violated when the government failed to revoke his supervised release purportedly pursuant to the terms of the federal plea agreement.

### C. Writ of Coram Nobis

The writ of coram nobis "has been used as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255."  United States v. Dyer, 136

---

[9] A 28 U.S.C. § 2241 petition for a writ of habeas corpus "attacks the manner in which a sentence is carried out . . . ." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(quoting Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).

F.3d 417, 422 (5th Cir. 1998).  The writ is properly issued "in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).  The writ should only be used to correct errors "of the most fundamental character" and when "sound reasons exist[] for failure to seek appropriate earlier relief." United States v. Morgan, 346 U.S. 502, 512, 74 S. Ct. 247, 253, 98 L. Ed. 248 (1954).  A coram nobis petitioner "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." Dyer, 136 F.3d at 422.

In his motion, the defendant has not argued that he is laboring under any civil disabilities as a consequence of the errors he asserts.  This Court will not presume the existence of any compelling circumstances arising from a prior conviction. Id. at 429–30.

In addition, the defendant has failed to show that sound reasons exist for his failure to seek relief available to him when he was in custody and could have brought actions under §§ 2241 and 2255.  Certainly the defendant could have challenged whether he entered his plea knowingly shortly after he pled and was sentenced; however, he failed to take advantage of any direct appeal or collateral attacks available to him while he was in custody.

Moreover, the defendant would have become aware of the United States's refusal to enforce the terms of his plea agreement and revoke his supervised release <u>at least by</u> March 3, 2005, when the April 13, 2004, arrest warrant was recalled.  The defendant would have had in excess of two years to challenge any believed improprieties regarding the execution of his sentence or the validity of his plea agreement, given that he was to remain in custody (on supervised release) for the federal sentence until March 24, 2007.

The Court finds that the defendant has failed to overcome the presumption of the correctness of the prior judicial proceedings and to demonstrate a "complete miscarriage of justice" will occur if a writ of coram nobis does not issue.  <u>Jimenez</u>, 91 F.3d at 768. For the foregoing reasons, his petition for the writ will be denied.

## IV. CONCLUSION AND ORDER

Based upon the foregoing analysis, the Court does not find the defendant's motions to be well-taken, however they may be construed.  Accordingly,

**IT IS HEREBY ORDERED** that the pro se defendant's Motion to Show Cause [**docket entry no. 31**] for revocation of his probation/supervised release is **DENIED.**

**IT IS FURTHER ORDERED** that the pro se defendant's Motion [**docket entry no. 34**] challenging his conviction and the enforcement of his

plea agreement is **DENIED.**

**SO ORDERED,** this the 26th day of December 2007.

                              s/  DAVID  BRAMLETTE

                    UNITED  STATES  DISTRICT  JUDGE