**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 5:98cr13-DCB

BOBBY WILSON, JR.                                                  DEFENDANT

<u>**ORDER**</u>

This cause comes before the Court on the defendant's Motion to Alter or Amend Judgment [**docket entry no. 51**], Motion for Relief from Judgment and Order [**docket entry no. 52**], and Motion for Time Enlargement [**docket entry no. 49**].  Having considered the Motions, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On December 27, 2007, the Court entered an Opinion and Order [docket entry no. 48] in which it denied defendant Bobby Earl Wilson, Jr.'s Motion to Show Cause [docket entry no. 31] and a filing styled Petition for Habeas Corpus or in the Alternative to Show Cause to Vacate Guilty Plea [docket entry no. 34].  On January 17, 2008, Wilson filed a Motion for Time Enlargement [docket entry no. 49] in which he requests that the Court permit him to have until January 21, 2008 to file an appeal from the Court's December 27, 2007 Opinion and Order.  On January 25, 2008, Wilson filed a Motion to Alter or Amend Judgment [docket entry no. 51] and a Motion for Relief from Judgment and Order [docket entry no. 52] challenging the Court's December 27, 2007 Opinion and Order.  These

Motions are now before the Court.

First, the defendant's Motion to Alter or Amend Judgment was filed well past the ten day period enumerated in Federal Rule of Civil Procedure 59(e) and is untimely. Even if timely, the Court finds no merit to said Motion. "Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem, Inc., 367 F. 3d 473, 479 (5th Cir. 2004)(internal citations omitted). Wilson has neither produced any new evidence nor brought any egregious errors of law or fact to the Court's attention in his Motion to Alter or Amend Judgment; accordingly, this Motion is without merit and shall be denied.

Second, Wilson's Motion for Relief from Judgment and Order under Federal Rule of Civil Procedure 60 is similarly without merit. The Court is of the opinion that Wilson has not demonstrated the existence of any of the grounds enumerated under Rule 60(b) which would entitle him to relief. Therefore, this Motion, too, must be denied.

Lastly, the Court finds that Wilson's Motion for Time Enlargement has become moot. Federal Rule of Appellate Procedure 4(a)(1)(B) provides that "[w]hen the United States . . . is a party, the notice of appeal may be filed by any party within 60

days after the judgment or order appealed from is entered." Wilson's Notice of Appeal [docket entry no. 53] was filed on February 7, 2008, less than sixty days after the issuance of this Court's Opinion and Order of December 27, 2007, which he is seeking to appeal; therefore, his Notice of Appeal was timely and his Motion for Time Enlargement is now moot.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Alter or Amend Judgment [**docket entry no. 51**] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Relief from Judgment and Order [**docket entry no. 52**] **is DENIED.**

**IT IS FURTHER ORDERED** that the defendant's Motion for Time Enlargement [**docket entry no. 49**] is **DENIED AS MOOT**.

**SO ORDERED,** this the __18th__ day of February 2008.


    s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**