```
                  UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

BOBBY EARL WILSON, JR.                                    PETITIONER

VERSUS                                    CRIMINAL NO: 5:98cr13-DCB
                                          CIVIL NO: 5:07cv 148-DCB

UNITED STATES OF AMERICA                                  RESPONDENT

**ORDER**

This matter comes before the Court on Petitioner Bobby Earl Wilson's ("petitioner") Motion for Relief From Judgment [docket entry no. 71] filed on June 9, 2009. The government filed its Response [docket entry no. 72] on June 17, 2009. Having carefully considered the Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

In the instant motion, the petitioner asks this Court for relief from its June 5, 2008, order [docket entry no. 68] which denied the petitioner's February 7, 2008, request for a certificate of appealability ("COA") [docket entry no. 53]. As grounds for relief, the petitioner argues that extraordinary circumstances exist. Specifically, the petitioner argues that the Court erred in its December 26, 2007, opinion and order in holding that it did not have jurisdiction over the 2255 motion because the petitioner was not "in custody" at the time the motion was filed. 28 U.S.C. § 2255 (2006).

Federal Rule of Civil Procedure 60(b) provides six reasons for

the courts to relieve a party from a final judgment or order. Under Rule 60(b), the only applicable provision permitting relief in the instant case is section (b)(6) stating: "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). Relief under Rule 60(b)(6) will only be granted if "extraordinary circumstances are present." Id. (citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995). In the case at bar, the Court finds that there are no extraordinary circumstances warranting the petitioner's requested relief. In its December 26, 2007, opinion and order, the Court thoroughly addressed the reasons supporting its holding that the petitioner was not "in custody" for purposes of his 2255 motion. In his instant motion, the petitioner only restates the arguments he used to support his § 2255 motion. The petitioner has not demonstrated any grounds for relief under Rule 60(b) nor has he produced new evidence or stated egregious errors of law indicating an extraordinary change in circumstances. For these reasons, the Court finds that the petitioner's motion is without merit.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion for Relief

---

[1] On November 26, 2009, the Fifth Circuit Court of Appeals denied the petitioner's request for a COA stating that he failed to make a valid constitutional claim which is necessary for a COA. See Docket Entry No. 70.

From Judgment [docket entry no. 71] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of January 2010.

<u>    s/ David Bramlette    </u>
**UNITED STATES DISTRICT COURT**