IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

United States of America

vs.                                CRIMINAL ACTION NO. 5:98-cr-13-DCB-1

Bobby Wilson, Jr.                                              Defendant

ORDER

This cause comes before the Court on the pro se defendant's Motion for Writ of Coram Nobis. [ECF No. 80]. Having considered the motion, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

Background

On February 22, 1999, the defendant pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On June 15, 1999, this Court sentenced the defendant to seventy months of imprisonment and three years of supervised release for each count, to run concurrently.

On March 24, 2004, the defendant was released from prison and his three-year supervised release period began. Defendant was instructed to report to the United States Probation Office in Jackson, Mississippi within seventy-two hours of his release. The defendant failed to report to the Probation Office as instructed. On March 20, 2004, the defendant was arrested by the

1

Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi. The petitioner was subsequently indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery. The petitioner was convicted in a jury trial and sentenced to life imprisonment without parole on December 15, 2004. The petitioner received this sentence pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81, which requires an offender to receive the maximum sentence without parole or probation for the felony for which he is convicted if he has been twice previously convicted of a state or federal felony and sentenced to one year or more for each crime. The petitioner is currently serving said sentence.

The petitioner now seeks relief from his 1999 guilty plea to the two counts of bank robbery. The petitioner seeks relief from the 1999 judgment "because the Court deprived the petitioner of due process when it failed to conduct on its own, a separate competency hearing when the evidence raised a sufficient doubt as to the petitioner's mental ability to stand trial." [ECF No. 80] at p. 2. Prior to the petitioner's entry of a guilty plea, defense counsel and the United States made a joint ore tenus motion for a mental health examination. [ECF No. 9]. The petitioner has a history of suicidal ideation and depression. On August 5, 1998, the Court granted the motion and

2

ordered that the petitioner be provided with a mental health examination in accordance with the provisions of Sections 4241, 4242, and 4247, Title 18, United States Code. [ECF No. 9].

Accordingly, Wilson was transferred to the U.S. Medical Center in Springfield, Missouri, for evaluation to determine his competency to stand trial in the instant offense. [ECF No.24] at 10. Wilson was evaluated between August 20 and October 2, 1998. See id. The clinical psychologist determined that Wilson did not meet the diagnosis criteria for any major mental illness. See id. The psychologist noted that Wilson did not have a mental disease or defect that would impair his ability to appreciate the nature, quality, or wrongfulness of his actions. See id. Wilson's disruptive and uncooperative behavior was found to be consistent with symptoms of a personality disorder, which is not generally construed as a major mental illness. See id. The evaluation determined that there was no compelling reason that Wilson's mental state should affect any sentence imposed by the Court. See id.

## Discussion

The writ of coram nobis "has been used as an avenue of collateral attack when the petitioner has completed his sentence

and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255." United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998).  The writ is properly issued "in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).  The writ should only be used to correct errors "of the most fundamental character" and when "sound reasons exist[] for failure to seek appropriate earlier relief."  United States v. Morgan, 346 U.S. 502, 512 (1954).

"Unlike habeas relief, coram nobis relief 'comes after the petitioner has completed [his custodial] sentence and will not be retried; thus, the granting of coram nobis normally results in the expungement of the conviction, with no possibility of further proceedings to determine whether the petitioner was guilty of the offense charged.'" Moskowitz v. United States, 64 F.Supp.3d 574, 577 (S.D. New York 2014)(citing United States v. Mandanici, 205 F.3d 519, 532 (2nd Cir. 2000)(Kearse, J., concurring)). A coram nobis petitioner "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct."  Dyer, 136 F.3d at 422.

The failure to hold a competency hearing when constitutionally required is a fundamental error that may entitle a person to coram nobis relief. See Nicks v. United States, 955 F.2d 161, 167 (2nd Cir. 1992). The Court will review two of the requirements for a successful Writ of Coram Nobis: (1) that sound reasons exist for failure to seek appropriate relief earlier, and (2) that there are circumstances compelling such action to achieve justice. See id. The petitioner has shown the third requirement, i.e., that the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ. See id. Here, the petitioner was sentenced under the habitual offender statute in Mississippi State Court as a result of his guilty plea in this case. Therefore, he continues to suffer legal consequences from his conviction. See id.(finding legal consequences when the conviction is used as an aggravating factor in another sentencing).

**Sound Reason for Failure to Seek Appropriate Relief Earlier**

Wilson's coram nobis petition was filed in 2019, approximately twenty years after Wilson pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and fifteen years after his state court conviction for bank robbery. Wilson was represented by counsel in both the federal and

Mississippi proceedings – and determined to be competent by this Court and the Mississippi court. [ECF No. 80] at p. 4.

"Given the fact that coram nobis relief is available only in extraordinary circumstances to correct errors of the most fundamental character, both the interest in finality of judgments and equitable principles require that the standards for coram nobis relief be no less stringent than those imposed on prisoners seeking relief under §§ 2254 and 2255." Lee v. United States, Civ. No. 3:08-cv-2044, 2009 WL 3762112, at *4 (N.D. Tex. Nov. 10, 2009). To allow Wilson to pursue coram nobis relief despite the decades long delay in seeking the same would "undermine the weighty interest in the finality of judgments." Id.

In his Writ for Coram Nobis, Wilson asserts that he has sound reasons for his failure to seek appropriate earlier relief. Wilson claims that he did not seek relief sooner because no one informed him of "his right not to be convicted while incompetent" also, that "petitioner was not sufficiently capable of pursuing relief while in custody due to his depression." [ECF No. 80] at 3.

The Court is not persuaded by Petitioner's argument. He is a consistent filer and has attempted to evade his status as a habitual offender by attempting for over a decade to overturn

6

the 1999 judgment against him. The Court stated as much in its 2007 Order denying Wilson's challenge to his conviction and the enforcement of his plea agreement. See [ECF No. 48]("The Court surmises that the defendant is attempting to attack the 1999 felony bank robbery conviction and thereby erase one of the bases under the Mississippi habitual offender statute (Miss. Code Ann. § 99-19-81) for his life sentence without parole which he received as a consequence of his state-court conviction for the March 2004 bank robbery.")

In 2007, Wilson filed a Motion to Vacate under 28 U.S.C. 2255 [ECF No. 34]; in 2008 Wilson filed a Motion to Alter or Amend Judgment and a Motion for Relief from Judgment or Order [ECF Nos. 51, 52]; in 2009 Wilson filed a second Motion for Relief from Judgment or Order [ECF No. 71]; in 2011 Wilson filed a Motion for Records and Transcripts [ECF No. 76] so that he could file another Motion to Vacate, Set Aside or Correct the Conviction and Sentence under 28 U.S.C. § 2255. Petitioner's argument that he was "not sufficiently capable of pursuing relief while in custody due to his depression" is countered by the clear evidence of his continued interaction with the court system throughout his incarceration. Petitioner's argument that he was uninformed of his "right not to be convicted while incompetent" is equally unavailing.

7

The Second Circuit addressed a similar delay in a coram nobis challenge to a district court's failure to hold a sua sponte competency hearing. See e.g., Nicks v. United States, 955 F.2d 161 (2nd Cir. 1992). In Nicks, the petitioner filed his writ for coram nobis fifteen years after his federal armed bank robbery conviction and five years after his Alabama murder conviction. See id. at 167. The Second Circuit remanded the case to the District Court to determine whether the petitioner had a "sound reason" for failure to seek appropriate relief earlier. See id. at 167–68. The district court found that the petitioner had sound reasons, explaining "[a]t no time revealed by the post-sentencing record was Nicks in a condition to evaluate the need for and prospects of coram nobis relief, or to instruct his attorneys in that regard. To hold otherwise would be to condemn an incompetent inmate for his failure to initiate litigation on the issue of his own competence." Nicks v. United States, 835 F.Supp. 151, 155 (S.D. N.Y. 1993).

Wilson has not provided any evidence of incompetence in the intervening years between his 1999 guilty plea and his petition for writ of coram nobis. Wilson states that he was given a psychiatric examination for his 2004 bank robbery conviction and was again found to be competent. [ECF No. 80] at 4. Additionally, the Court has reviewed the multiple motions and letters that Wilson has filed or sent to the Court and in each

he is articulate and able to express himself with clarity. There is no indication that Wilson was unable to evaluate the need for coram nobis relief or to instruct legal counsel as such. Therefore, the Court finds that petitioner has not presented a sound reason for his 15-year delay in filing for coram nobis relief. Inasmuch as the petitioner fails to demonstrate a sound reason for delay, the writ for coram nobis must be dismissed. However, the Court shall also examine whether the petitioner has demonstrated circumstances that would compel coram nobis relief.

**Circumstances Compelling Such Action to Achieve Justice**

A person must be mentally competent to plead guilty to a crime. Mental illness does not per se render a defendant incompetent. See United States v. Williams, 819 F.2d 605, 608 (5th Cir. 1987). To be deemed incompetent, the defendant must be "unable to understand the nature and consequences of the proceedings against him" or be unable to "assist properly in his defense." Id. at 608. "The Fifth Circuit has held that a suicide attempt, by itself, is not necessarily sufficient to create 'reasonable cause' for a competency hearing." Mata v. Johnson, 210 F.3d 324, 330 (5th Cir. 2000)(citing United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995))

Section 4241(a) states:

> **Motion to determine competency of defendant.**— At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

"[A] hearing is required on a defendant's competency to plead guilty whenever the trial judge entertains or should reasonably entertain a good faith doubt as to that defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented." See Chavez v. United States, 656 F.2d 512, 517 (9th Cir. 1981). A good faith doubt should arise when there is "substantial evidence" of incompetence. See id. To determine whether there is a reasonable cause to doubt a defendant's competence, courts consider: "(1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency." United States v. Messervey, 317 F.3d 457, 463 (5th Cir. 2002).

The Fifth Circuit has addressed a similar set of facts to the instant case in United States v. Arthur, No. 09-20877, 2011

WL 2749609 (5th Cir. July 15, 2011). In Arthur, the defendant underwent two psychological evaluations at the request of her counsel. See id. at *10. The psychological reports noted that the defendant had been diagnosed with bipolar disorder and chronic, severe post-traumatic stress disorder. See id. However, the report stated that the defendant was competent to stand trial and was sane at the time of the offense. See id. Based on the two psychological reports, the Fifth Circuit found that the district court did not receive information which, objectively considered, should have raised a doubt about the defendant's competency. See id.

Additionally, in a well reasoned opinion out of the United States Court of Appeals, Second Circuit, the Court found that it was not an abuse of discretion for a district court to rely on a court ordered competency evaluation in its determination that there was no reasonable cause for a competency hearing. See United States v. Simmons, No. 97-1291, 1998 WL 538120, at *1 (2nd Cir. Aug. 17, 1998)(finding that a district court may "rely on this evidence to determine that there is no reasonable cause for a competency hearing."); see also, United States v. Premachandra, 32 F.3d 346, 347 (11th Cir. 1994)(finding that a district court did not err in accepting a guilty plea without conducting a competency hearing when the court ordered mental

11

evaluation showed that the defendant was suffering from a mental illness but that the defendant was competent to stand trial).

Included in the materials submitted to the Court for review upon sentencing, was the competency evaluation of Wilson conducted at the U.S. Medical Center in Springfield, Missouri. Defense counsel had the opportunity to provide objections regarding the presentence report. In his objections, counsel discusses the Springfield evaluation.[1] The evaluation contained the following opinion, in relevant part, of Doctor Richart L. DeMier, clinical psychologist:

> "Mr. Wilson had an adequate understanding of the possible pleas that can be entered by a defendant. He realized that a guilty plea is tantamount to an admission of the allegations. He recognized that a not guilty plea could be appropriate even when the defendant committed the act with which he is charged, and that a person may plead not guilty until he is able to determine the strength of the evidence. He recognized the term of no contest, but he was unable to identify the meaning of that plea. However, he readily understood a brief explanation. He displayed a basic understanding of the plea of not guilty by reason of insanity, and he recognized that the disposition of a person adjudicated not guilty by reason of insanity generally involves treatment in an inpatient setting, such as a prison or hospital. He displayed a thorough understanding of the concept of a plea agreement, and stated he has been involved in a plea agreement in the past. He explained that the most common plea agreement involves a reduced penalty in exchange for a guilty plea. He discussed potential advantages and disadvantages of plea agreements, and

---

[1] Counsel for Wilson noted that Dr. Richart DeMier did not have any additional medical records sought from Charter Hospital when the report was prepared and that Dr. DeMier did not reference the fact that Wilson suffers from Eosinophilia, of which a primary symptom is depression.

12

>   he explained the issues he would consider if a plea
>   agreement were offered, such as the strength of the
>   evidence against him and the proposed penalty.
>
>   It is my opinion that Mr. Wilson has an adequate
>   understanding of the nature and potential consequences
>   of the proceedings against him. It is also my opinion
>   that he is currently competent to assist properly in
>   his defense. During the evaluation, he was able to
>   discuss his version of the facts of his case in a
>   clear and coherent manner. He appeared capable of
>   disclosing appropriate information to his attorney,
>   considering various courses of action, providing
>   relevant testimony if necessary, and making decisions
>   following consultations with his attorney.
>
>   Based on this information, it is my opinion that Mr.
>   Wilson is currently competent to proceed to trial or
>   make other decisions about his legal case. He does not
>   suffer from any mental disease or defect which would
>   preclude his ability to understand the nature and
>   consequences of the proceedings against him or to
>   assist properly in his defense."

See (Def.'s Obj. to Pre-Sentence Report Exh. E, at 9). Upon review of the competency evaluation and interactions with the Defendant during sentencing, the Court had no reasonable cause to doubt the defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented.

It should be noted that due to the age of this case, the court reporter did not file a transcript of the courtroom proceedings. Additionally, on the date this Writ for Coram Nobis was filed, the transcript had been destroyed because the case is

over twenty years old. However, the petitioner described his decision to accept a plea deal in post-judgment proceedings, stating the following:

> "The petitioner['s] decision to admit guilt was based on receiving a lesser sentence ranging from 70-87 months along with 3-years supervised release. Petitioner was told this fact from [his] court appoint[ed] attorney, the prosecutor stating this fact in open court and the Court when imposing sentencing. This effect caused petitioner not to do <u>any</u> appeal timely."

[ECF No. 73].

## Conclusion

The Petitioner has failed to show a sound reason for not seeking earlier relief or circumstances compelling the Court to grant his Writ of Coram Nobis. At the time of his guilty plea, the petitioner underwent a psychiatric evaluation and was found to be competent. There was no reason for the Court to doubt Wilson's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. Therefore, the Court did not conduct a <u>sua sponte</u> competency hearing. In the years following the guilty plea, there is no evidence that the petitioner was incompetent or unable to pursue the appropriate relief. For these reasons the Writ for Coram Nobis must be DENIED.

Accordingly,

It is HEREBY ORDERED that the Writ of Coram Nobis is DENIED.

SO ORDERED this the 8th day of June, 2020.

                                                __/s/ David Bramlette_____
                                                UNITED STATES DISTRICT JUDGE