IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

United States of America

vs.                             CRIMINAL ACTION NO. 5:98-cr-13-DCB-1

Bobby Wilson, Jr.                                        Defendant

ORDER

This matter is before the Court on Defendant Bobby Wilson Jr. ("Wilson)'s Motion to Amend Habeas Corpus Pleading Filed Under 28 U.S.C. § 2255. [ECF No. 82]. Having read the motion, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that the motion should be DENIED.

Background

On February 22, 1999, the defendant pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On June 15, 1999, this Court sentenced the defendant to seventy months of imprisonment and three years of supervised release for each count, to run concurrently. The defendant was released from prison — and the three-year supervised release period began — on March 24, 2004, with instructions to report to the United States Probation Office in Jackson, Mississippi, within seventy-two hours of his release.  The defendant failed to report to the Probation Office as instructed. On March 30, 2004, the defendant

was arrested by the Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi. The defendant was indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery. Following a jury trial and conviction for that crime on November 20, 2004, the defendant was sentenced to life imprisonment without parole by the Circuit Court of Warren County, Mississippi, on December 15, 2004. The defendant is currently serving said sentence in the Mississippi State Penitentiary located at Parchman, Mississippi.

On July 26, 2007, Wilson filed a motion under 28 U.S.C. § 2255. [ECF No. 34]. He now seeks to amend that motion, approximately thirteen years after the original § 2255 motion was filed. In the instant Motion to Amend, Wilson incorrectly states that the Court has "not ruled upon the motion [34] nor dismissed the motion with prejudice." [ECF No. 82] at 2. However, on December 27, 2007, this Court conducted an extensive review of Wilson's motion [34] pursuant to 28 U.S.C. § 2255, reviewing all potential means of relief available to Wilson: (1) § 2255, (2) § 2241, and (3) the Writ of Coram Nobis. Having reviewed Wilson's claim, the Court found that his motion should be denied. See [ECF No. 48] at 13-14.

Wilson seeks to amend his motion to vacate to "include a Due Process Claim…" [ECF No. 82] at 2. Wilson claims that he was not provided with a competency hearing when there existed reasonable cause to believe that the he was mentally incompetent at the time of his guilty plea. This argument was also presented to the Court by Writ of Coram Nobis [ECF No. 80] which the Court denied in an Order filed on June 8, 2020 [ECF No. 84].

## Analysis

It would be futile to permit Wilson to amend his § 2255 petition. Section 2255 petitions must be filed within one-year of the date on which the judgment of conviction became final and any amendments to a § 2255 petition must comply with the "relation back" requirement contained in Federal Rule of Civil Procedure 15(c)(2). See Beagan v. United States, 228 F.Supp.2d 32, 36 (D.R.I. 2002).

Rule 15(c)(2) provides that, "an amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." In the context of § 2255, the amendment must have "more in common with the timely filed claim than the mere fact they arose out of the same trial and sentencing proceedings." Id.(internal citations omitted). If

a proposed amendment seeks to add a new claim or insert a new theory into the case, it does not "relate back" to the original petition. Id. at 36-37.

In this case, the original § 2255 petition claimed that petitioner did not enter into his plea agreement knowingly and that his guilty plea was invalid because the federal court breached its plea bargain agreement by failing to revoke petitioner's supervised release when petitioner violated the conditions of supervision. [ECF No. 34]. The § 2255 motion was entirely predicated on the Government's alleged breach of the plea agreement. The original § 2255 motion did not have a claim, allegation, or theory regarding the lack of a competency hearing. Therefore, the defendant's proposal to amend the § 2255 motion to include a due process violation does not relate back to the original § 2255 motion and is therefore not timely.

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion to Amend [82] is DENIED.

SO ORDERED this the 11th day of June, 2020.

                                          __/s/ David Bramlette_____
                                          UNITED STATES DISTRICT JUDGE