IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

United States of America

vs.                              CRIMINAL ACTION NO. 5:98-cr-13-DCB-1

Bobby Wilson, Jr.                                            Defendant

ORDER

This matter is before the Court on Defendant Bobby Wilson, Jr. ("Wilson")'s Motion for Reconsideration [ECF No. 88], Motion for Recusal [ECF No. 92], and Motion to Supplement Record [ECF No. 93]. Having read the motions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

On February 22, 1999, the defendant pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On June 15, 1999, this Court sentenced the defendant to seventy months of imprisonment and three years of supervised release for each count, to run concurrently.

On March 24, 2004, the defendant was released from prison and his three-year supervised release period began. Defendant was instructed to report to the United States Probation Office in Jackson, Mississippi within seventy-two hours of his release. The defendant failed to report to the Probation Office as instructed.

1

On March 20, 2004, the defendant was arrested by the Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi. The Defendant was subsequently indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery. He was convicted in a jury trial and sentenced to life imprisonment without parole on December 15, 2004. Wilson received this sentence pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81, which requires an offender to receive the maximum sentence without parole or probation for the felony for which he is convicted if he has been twice previously convicted of a state or federal felony and sentenced to one year or more for each crime. The defendant is currently serving said sentence.

On September 13, 2019, Wilson moved for a Writ of Coram Nobis, to challenge his 1999 judgment. Upon careful review of the record, this Court denied his Motion. See [ECF No. 84].

Discussion

**Motion for Reconsideration**

Defendant moves pursuant to Federal Rule of Civil Procedure 59(e) for the Court to reconsider its Order [84] denying the Defendant's Motion for a Writ of Coram Nobis filed on June 8, 2020. "Reconsiderations of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc.,

2

367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held that a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id.

Motions to alter or amend the judgment are generally appropriate for three reasons: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." See Nationwide Mut. Fire Ins. Co. v. Pham, 193 F.R.D. 493, 494 (S.D. Miss. 2000). Here, Wilson does not assert any of the three justifications for reconsideration. He does not put forth an intervening change in controlling law, he does not provide new evidence that was previously unavailable, and he has not demonstrated that the Court's Order contained a clear error of law or that reconsideration is needed to prevent manifest injustice. Instead, the Defendant's Motion merely lists the Defendant's disagreements with the Court's decision and re-urges the arguments included in his Motion for a Writ of Coram Nobis. It is for these reasons that the Motion must be DENIED.

**Motion for Recusal**

Wilson's Motion for Recusal [92] has no merit. A party may file a recusal motion "when a Judge's impartiality may be

reasonably questioned." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009)(citing 28 U.S.C. § 455(a)). The question of a judge's impartiality under § 455(a) is an objective standard "designed to promote the public's confidence in the impartiality and integrity of the judicial process." Id. Courts look to the "perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Id.

Wilson has pleaded numerous reasons that he believes the undersigned is not impartial, none of which warrant the recusal of the undersigned.

Wilson alleges bias because "Judge Bramlette had the Presentence Investigation Report (sealed)." [ECF No. 92] at 2. However, pre-sentence reports ("PSR") are created by probation officers, not the court, and are submitted to the court and the parties under seal. See United States v. Mackay, 757 F.3d 195, 197 (5th Cir. 2014). Therefore, the fact that the PSR is under seal does not in any way demonstrate bias on the part of the undersigned.

Wilson alleges bias because "Judge Bramlette had defendant's counsel removed." [ECF No. 92] at 2. Wilson was represented by Honorable Dennis Joiner of the Federal Public Defender for the Southern District of Mississippi. Upon Mr. Wilson's entry of a guilty plea, the Office of the Federal Public Defender filed a

4

standard Motion to Withdraw as Counsel of Record [ECF No. 63], which the Court granted. "There is no right to counsel in postconviction proceedings…" Garza v. Idaho, 139 S.Ct. 738, 749 (2019). Accordingly, Wilson's claim regarding his counsel has no merit.

Next, Wilson asserts bias because the transcript of Wilson's sentencing was destroyed, twenty years after the Court sentenced the Defendant. However, the Court Reporter's decision to destroy the transcripts of cases that are over twenty years old in no way reflects bias of the undersigned, nor does the undersigned have control over transcripts that are not docketed or introduced into evidence.

Wilson claims bias because "Judge Bramlette omit[ted] the fact that he ordered treatment of this defendant within the Bureau of Prisons." [ECF No. 92] at 2. However, that fact was irrelevant to the Court's decision to deny Wilson's Motion for Writ of Coram Nobis. While the Court's Order did not specifically mention that the undersigned ordered treatment for the defendant, the Order does note that "petitioner has a history of suicidal ideation and depression." [ECF No. 84] at 2. The Court makes clear that mental illness does not per se render a defendant incompetent. Id. at 9. To be incompetent, the defendant must be "unable to understand the nature and consequences of the proceedings against him," or be

5

unable to "assist properly in his defense." United States v. Williams, 819 F.2d 605, 608 (5th Cir. 1987). The Court's references to Wilson's mental health in the judgment do not indicate that the Court found Wilson to be incompetent.

Similarly, the fact that the undersigned did not specifically mention that Dr. DeMier had found that Wilson was suffering from depression and recommended he undergo treatment is not relevant to the analysis. The Court's Order does not deny Wilson suffers from depression. In fact, as previously mentioned, the Court acknowledges Wilson's history of depression and suicidal ideations.

Finally, Wilson alleges bias because "Judge Bramlette omitt[ed] the fact that defense counsel object[ed] to Dr. DeMier's report based upon the [fact that the] evaluation was done without reviewing this defendant's medical records and this defendant's inability to assist properly with the defense." [ECF No. 92] at 3. However, the Court's Order specifically notes that defense counsel objected to Dr. DeMier's report and that "[c]ounsel for Wilson noted that Dr. Richart DeMier did not have any additional medical records sought from Charter Hospital when the report was prepared and that Dr. DeMier did not reference the fact that Wilson suffers from Eosinophilia, of which a primary symptom is depression." [ECF No. 84] at 12. Additionally, upon further review of the objections

6

to the pre-sentence report, counsel for Wilson did not object on the basis that Wilson was unable to assist with his defense.

For the foregoing reasons, the Defendant's claim that the undersigned is biased has no merit. Therefore, his Motion for Recusal must be DENIED.

**Motion to Supplement the Record**

Wilson moves to supplement the record "in order for the U.S. Court of Appeals 5th Circuit to review defendant['s] claim of incompetency." [ECF No. 93] at 1. Rule 10(e)(2) of the Federal Rules of Appellate Procedure states: "if anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals."

"The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects what happened in the district court." Ghali v. United States, 455 Fed.Appx. 472, 476 (5th Cir. 2011). "Rule 10(e) is not designed to 'supply what might have been done [in the district court] but was not.'" Id.(quoting United States v. Page, 661 F.2d 1080, 1082 (5th Cir. 1981)). Wilson has included numerous exhibits in his Motion to Supplement that are included as

7

exhibits in prior Motions. Inasmuch as those exhibits are already a part of the record, his Motion is DENIED as MOOT. To the extent that Wilson is moving to supplement the record with information that was not before the district court, but that he believes the appellate court should consider, his Motion must be DENIED.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Reconsideration [ECF No. 88] is DENIED;

FURTHER ORDERED that the Motion for Recusal [ECF No. 92] is DENIED;

FURTHER ORDERED that the Motion to Supplement the Record [ECF No. 93] is DENIED.

SO ORDERED this the 21st day of July, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE